IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NOTHERN DIVISION

| | |
|---|---|
| DAVID JAMAL WATKINS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  Civil Action No.: 2:23-CV-00060-JB-MU |
| PFIZER, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This action is before the Court on Defendant Johnson & Johnson's proposed Order (Doc. 57) on its Motion to Dismiss Plaintiff's Amended Complaint (Doc. 31). A hearing on the Motion to Dismiss was held on September 18, 2023, with counsel for all Defendants and Plaintiff, *pro se,* present. On September 21, 2023, the Court entered an order, *inter alia*, granting the Motion to Dismiss solely on grounds that the Amended Complaint fails to state a plausible claim for relief because Johnson & Johnson does not manufacture any product Plaintiff alleges to have ingested or injured him. (Doc. 54). The Court ordered Johnson & Johnson to file a proposed order to that effect, not later than October 18, 2023. Johnson & Johnson timely file a proposed order. Plaintiff has not filed a response.

After careful review of the relevant filings, the arguments presented at the hearing, and the proposed order, the Court ORDERS as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, David Jamal Watkins, is a resident of Alabama. (Doc. 1). On February 13, 2023, he filed this product liability action against Defendants Johnson & Johnson, BASF Corporation,

1

and Pfizer, Inc./Pfizer Holdings Americas Corp. (*Id.*). Plaintiff filed a First Amended Complaint on June 20, 2023. (Doc. 22).

In this action, Plaintiff alleges that on or about February 10, 2021, he had symptoms of a cold and "ingested the manufacturer-recommended dosage of Advill II ('Advill II')." (Doc. 22). He states he "went to the doctor's office of Rural Healthcare, Camden, Alabama on [sic] about February 11, 2021, and was prescribed Ibuprofen for his complaints of a common cold and fever. Plaintiff was evaluated next door at the emergency department of J. Paul Jones Hospital in Camden, Alabama on February 11, 2021, and was prescribed some cream for a rash and sent home." (*Id.*). Plaintiff alleges he "took the prescribed medication and was still not feeling well all day on February 11, 2021. On the evening of February 11, 2021, [Plaintiff] did not feel well and began running a fever and his skin was turning dark. Plaintiff was taken to Vaughn Regional Hospital – Selma, Alabama for treatment and was sent via life flight ambulance from Vaughn Regional Hospital to UAB Hospital in Birmingham, Alabama for treatment of Stevens Johnson Syndrome." (*Id.*). He alleges "doctors at UAB Hospital - Birmingham confirmed diagnosis of SJS/TEN Syndrome" "on or about February 12, 2020 [sic]."[1] (*Id.*). Plaintiff states he has sustained personal injuries as a result of purported defects in the products he ingested, and he brings various product liability claims against the three Defendants.

All Defendants moved to dismiss.[2] In the instant motion (Doc. 31), Johnson & Johnson seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff does not allege

---

[1] It appears Plaintiff intended to state 2021, not 2020, as that was the year before.

[2] *See* Docs. 15, 18, 19. Plaintiff filed an Amended Complaint (Doc. 22), mooting the pending motions. (Doc. 27). Defendants Johnson & Johnson (Doc. 31) and Pfizer (Doc. 34) each subsequently filed a Motion to Dismiss the

2

he was injured by any product manufactured by Johnson & Johnson and therefore cannot be held liable under Alabama law.[3]

## II.  DISMISSAL STANDARD

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations in the light most favorable to the plaintiff and accept the allegations of the complaint as true.  *Speaker v. U.S. Dep't of Health & Human Servs*., 623 F.3d 1371, 1379 (11th Cir. 2010). To avoid dismissal, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations and quotations omitted).  The Court should not assess "whether a plaintiff will ultimately prevail but" consider "whether the claimant is entitled to offer evidence to support the claims."  *Id*. at 583 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] well-pleaded complaint may

---

Amended Complaint.  Defendant BASF advised the Court that it consented to Plaintiff's request (Doc. 23) to remove it as a defendant.  (Doc. 28).

[3]  Johnson & Johnson alternatively moved to dismiss Plaintiff's product liability claims as time-barred under the two-year Alabama statute of limitations and moved to dismiss Plaintiff's action without prejudice under Rule 12(b)(5) and 4(m) because Plaintiff failed to timely serve Johnson & Johnson.  The Court need not address these alternative grounds in light of its determination that all claims against Johnson & Johnson are dismissed with prejudice for the reasons stated above.

proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 556.  "The Supreme Court's *Twombly* formulation of the pleading standard 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Williams v. Henry*, 2009 U.S. Dist. LEXIS 96379, *6 (S.D. Ala. Oct. 15, 2009) (citations and internal quotations omitted), *adopted*, 2009 U.S. LEXIS 96382 (S.D. Ala. Oct. 15, 2009)). "A district court may properly dismiss a complaint if it rests only on 'conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts.'" *Magwood v. Sec'y, Florida Dep't of Corr.*, 652 F. App'x 841, 843 (11th Cir. 2016) (quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)).

The Court notes that Plaintiff is *pro se*.  Although a court is to liberally construe *pro se* pleadings, "[l]iberal construction [ ] is not without it limits. The Eleventh Circuit has recognized [that] 'even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Simpson v. US Veterans Admin.*, 582 F. Supp. 3d 1120, 1122 (S.D. Ala. 2022).

### III. MOTION TO DISMISS

Johnson & Johnson asserts Plaintiff cannot state a plausible cause of action against it under Alabama law because (1) Johnson & Johnson is not a manufacturer, designer, or seller of any product, and (2) even if it was, it did not manufacture the products that Plaintiff allegedly ingested and caused injury in this case.

4

A.      **Choice of Law**

To begin, this Court applies the choice of law test of the forum state, Alabama, to determine what law should apply to Plaintiff's substantive claims. *Grupo Televisa, S.A. v. Telemundo Communications Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007) ("A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state."). Alabama courts apply the *lex loci delicti* test, viewing the law of the state where the injury occurred. *Fitts v. Minnesota Mining & Mfg. Co.*, 581 So.2d 819, 820 (Ala. 1991). The facts in Plaintiff's Amended Complaint allege a location of injury in Alabama. (Doc. 22 ¶¶10, 12, 13, 16). Therefore, the Court applies Alabama substantive law in reviewing Plaintiff's claims under the Rule 12(b)(6) standard.

B.      **Alabama Law**

In Alabama, product liability claims are governed by the Alabama Extended Manufacturer's Liability Doctrine (AEMLD).[4] *E.g., Casrell v. Altec Indus., Inc.*, 335 So.2d 128, 132 (Ala. 1976). Under Alabama law, a plaintiff may only bring a claim against a manufacturer, designer or seller of the product in question, as codified by statute:

> (a) In any civil action for personal injury, death, or property damage caused by a product, regardless of the type of claims alleged or the theory of liability asserted, the plaintiff must prove, among other elements, **that the defendant designed, manufactured, sold, or leased the particular product the use of which is alleged to have caused the injury on which the claim is based**, and not a similar or equivalent product. **Designers, manufacturers, sellers, or lessors of products not identified as having been used, ingested, or encountered by an allegedly injured party may not be held liable for any alleged injury**. A person, firm, corporation, association, partnership, or other legal or business entity whose design is copied or otherwise used by a manufacturer without the designer's express authorization

---

[4] Plaintiff asserts claims of negligence, gross negligence, strict product liability, strict product liability-failure to warn, breach of express and implied warranty, and negligent misrepresentation. Regardless of the claim asserted, he must establish that a specific defect in the product proximately caused injury. *E.g., Taylor v. Gen. Motors Corp.*, 707 So. 2d 198, 202 (Ala. 1997); *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005).

5

> is not subject to liability for personal injury, death, or property damage caused by the manufacturer's product, even if use of the design is foreseeable.

Ala. Code § 6-5-530(a) (emphasis added); *see also, e.g., DISA Indus., Inc. v. Bell*, 272 So. 3d 142, 149, 151 (Ala. 2018). The Alabama Supreme Court has likewise held that "under the plain language of § 6-5-530, a pharmaceutical manufacturer cannot be held liable for injury caused by a product it did not manufacture." *Forest Lab'ys, LLC v. Feheley*, 296 So. 3d 302, 315 (Ala. 2019).

### C. Plaintiff fails to state a plausible claim for relief against Johnson & Johnson

Plaintiff's Response (Doc. 37) states that his claims against Johnson & Johnson are sufficiently stated, but his arguments are unavailing.

First, Plaintiff largely relies on out-of-state law, but the authority in the Response is not applicable or controlling here. Further, many (if not most) of the matters addressed in Plaintiff's Response do not respond to any issue before the Court. Plaintiff's Response does not rebut the application of well-settled Alabama law as set forth above.

Second, Plaintiff does not challenge the publicly available information attached to Johnson & Johnson's Motion[5] that shows it is not a manufacturer, designer or seller of any products Plaintiff states that he ingested and caused the injuries alleged here. To the contrary, Plaintiff alleges in his Complaint that the products he ingested and claims caused his injuries were "Advil II" and "Ibuprofen." (*See* Doc. 22, ¶¶10-13, 55). Plaintiff does not dispute Johnson & Johnson (even if it were a manufacturer, designer or seller under Alabama law) did not make any

---

[5] The Court takes judicial notice of these publicly available materials, including Johnson & Johnson's annual report, under Fed. R. Evid. 201(b)-(c). *E.g., Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999); *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 435 (6th Cir. 2008).

such products. Plaintiff has failed to state a plausible claim for relief under Alabama law against Johnson & Johnson.

## CONCLUSION

For the reasons stated herein, Defendant Johnson & Johnson's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 31) is **GRANTED**. All of Plaintiff's claims against Defendant Johnson & Johnson are dismissed with prejudice.

DONE and ORDERED this 6th day of November, 2023.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE